**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernell L. MARSHALL, Defendant–
Appellant.**

No. 95–1044.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1996.

Decided March 20, 1996.

Stephen A. Ingraham (argued), Office of U.S. Atty., Milwaukee, WI, for plaintiff-appellee.

Jerry B. Kurz (argued), Kathryn Hall, Hall & Kurz, Chicago, IL, for defendant-appellant.

Before POSNER, Chief Judge, and BAUER and TERENCE T. EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Raymond Beasley was named in a homicide arrest warrant held by the Milwaukee Police Department. He was on the lam for two weeks when police—officers from the "Violent Fugitive Crimes Task Force"—met a woman named "Ann" in the area where the homicide occurred. She gave them key information: she knew Beasley and knew where he hung out. She also fingered his photograph. Ann then walked to a residence on 35th Street to verify the address where she said Beasley could often be found. She reported the address to the police and also said Beasley was there, standing on the porch, that very moment.

Armed with this information, the police swooped in to make the arrest. Ten officers converged on the scene, and Beasley was

arrested and handcuffed. Although the police officers, some of them at least, were confident they had their man, they turned out to be wrong. The "Beasley" they arrested turned out to be Bernell Marshall. But all was not lost as Marshall was discovered to be packing a loaded .32 caliber revolver in his waistband. The police seized the gun incident to the arrest. Marshall, it turned out, was also a convicted felon, which earned him an indictment in federal court for illegally possessing the gun. After Marshall's motion to suppress the evidence based on an illegal search was denied, he pled guilty and was sentenced to 62 months in prison. This appeal raises one issue: whether the gun seized incident to the arrest should have been suppressed.

■ We review the denial of a motion to suppress evidence for clear error. *United States v. Tilmon*, 19 F.3d 1221, 1223 (7th Cir.1994); *United States v. Wilson*, 2 F.3d 226, 229 (7th Cir.1993), cert. denied, — U.S. ——, 114 S.Ct. 1615, 128 L.Ed.2d 341 (1994). Given the fact-specific nature of a motion to suppress evidence, "we give particular deference to the district court that had the opportunity to hear the testimony and observe the demeanor of the witnesses." *United States v. Arch*, 7 F.3d 1300, 1302 (7th Cir.1993) (citations omitted), cert. denied, — U.S. ——, 114 S.Ct. 1123, 127 L.Ed.2d 431 (1994). If the district court's factual findings are supported by the record, we will not substitute our judgment for that of the district court. *United States v. Packer*, 15 F.3d 654, 656 (7th Cir.1994).

■ It is undisputed that the police had a valid arrest warrant for Beasley and that they thought Marshall was Beasley at the time of the arrest. In circumstances where the police mistake a person for someone else they seek to validly arrest, the arrest is constitutional if the arresting officers (1) have probable cause to arrest the person sought and (2) reasonably believe that the person arrested is the person sought. *Hill v. California*, 401 U.S. 797, 802, 91 S.Ct. 1106, 1110, 28 L.Ed.2d 484 (1971); *White v. Olig*, 56 F.3d 817, 820 (7th Cir.1995); *Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir.1987),

cert. denied, 484 U.S. 855, 108 S.Ct. 162, 98 L.Ed.2d 117 (1987).

The felony arrest warrant gave the police a basis for arresting Raymond Beasley. The issue, then, is simply the reasonableness of the officers' actions in thinking that Marshall was their man. Marshall argues that Ann's identification was the equivalent of an anonymous tip that required a greater level of corroboration than what was done here—a drive-by comparison of the photo (identified by Ann) to the man whom Ann described as Beasley. According to Marshall, the police should have attempted to get a closer look at their prey and/or consulted additional mug shots before moving in for the pinch. The district court disagreed, finding that the information Ann provided and the officers' drive-by created a reasonable belief that Marshall was Beasley.

■ The district court's finding was not clear error. Ann, who the police met face to face, appeared to know what she was talking about. The photo she identified was only three months old. There is no evidence that Ann was a kook or a prankster. Furthermore, a few moments before the arrest, the lead officer spotted "Beasley" wearing a gold chain with the letter "B" around his neck, adding more evidence to the belief that the fugitive they wanted was in their sights. Requiring a higher level of verification or corroboration at this point risked allowing a golden moment to pass—"Beasley" could have fled while more evidence was gathered. See *Brown*, 823 F.2d at 169 (execution of arrest warrant where person's name matched a suspect's alias and person was of the same sex and race, lived in the same geographic area, and was born 12 days apart from the suspect was reasonable and failure to execute arrest warrant would have been imprudent). Lastly, there was a reasonable physical resemblance between Marshall and Beasley such that even after Marshall was arrested and sitting on the porch, several officers still believed he was Beasley despite his claim that they had the wrong guy. Marshall has failed to show, given his general physical resemblance to Beasley, that the district court clearly erred in finding that the police acted reasonably in executing the arrest war-

rant. Accordingly, Marshall's motion to suppress was correctly denied, and the district court judgment is AFFIRMED.