723 A.2d 1012 (1999)
STATE of New Jersey, Plaintiff-Respondent,
v.
Jerry GREEN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1999.
Decided February 23, 1999.
Robert L. Hennessey, Designated Counsel,for defendant-appellant (Ivelisse Torres, Public Defender, attorney; Mr. Hennessey, of counsel and on the brief).
Deborah L. Fox, Assistant Prosecutor, for plaintiff-respondent (Lee A. Solomon, *1013 Camden County Prosecutor, attorney; Ms. Fox, of counsel and on the brief).
Before Judges HAVEY, SKILLMAN and PAUL G. LEVY.
The opinion of the court was delivered by SKILLMAN, J.A.D.
The question presented by this appeal is whether evidence obtained as a result of the arrest of a person who the police reasonably but mistakenly believe to be the person named in an arrest warrant must be suppressed.
Defendant was indicted for possession of cocaine, in violation of N.J.S.A. 2C:35-10a(1), possession of cocaine with the intent to distribute, in violation of N.J.S.A. 2C:35-5a(1), and possession of cocaine within 1,000 feet of school property with the intent to distribute, in violation of N.J.S.A. 2C:35-7. The trial court denied defendant's motion to suppress the evidence against him. Defendant was subsequently tried before a jury, which found him guilty of possession of cocaine and possession of cocaine with the intent to distribute but acquitted him of possession of cocaine within 1,000 feet of school property with the intent to distribute. The court granted the State's motion to sentence defendant to an extended term of imprisonment for possession of cocaine with the intent to distribute, and imposed a ten year term of imprisonment, with five years parole ineligibility. The court also suspended defendant's motor vehicle license for six months and imposed the statutorily mandated fines, penalties and fees. The court merged defendant's conviction for possession of cocaine into his conviction for possession with the intent to distribute.
On appeal, defendant makes the following arguments:
I. THE COURT BELOW ERRED IN FAILING TO SUPPRESS THE EVIDENCE SEIZED BY THE POLICE.
A. The police lacked reasonable suspicion.
B. The police had no authority to enter a private house without a warrant.
II. THE ABRUPT CHANGE IN THE SCHEDULED TRIAL DATE ON LESS THAN A WEEK'S NOTICE DENIED THE DEFENDANT A FAIR TRIAL.
III. THE DEFENDANT'S SENTENCE IS EXCESSIVE AS A MATTER OF LAW.
We conclude that defendant's second and third points are without merit and do not require discussion. R. 2:11-3(e)(2). We also conclude that defendant's arrest pursuant to an arrest warrant for another person who police investigators reasonably believed to be defendant and the seizure of the evidence obtained as a result of that arrest were valid. Accordingly, we affirm defendant's conviction and sentence.
At the hearing on the motion to suppress, the State presented evidence that on April 3, 1995, two investigators from the Camden County Sheriff's Department were assigned to execute a fugitive arrest warrant for a person named Corey Lovett. The investigators had a card containing various identifying information about Lovett, which indicated that he was a six foot tall, 160 pound, twenty year old black man with a dark complexion who resided at 724 Tulip Street in the City of Camden. When the investigators arrived at this address, they saw a young black man whose appearance matched Lovett's description standing directly in front of the porch to the house. One of the investigators got out of the car and identified himself. At this point, the person who looked like Lovett ran into the house at 724 Tulip Street, locking two doors behind him. The investigator pursued the suspect into the house, kicked the locked doors open and chased him up a flight of stairs. When the investigator caught him, the suspect discarded a bag containing ninety small plastic vials with cocaine inside them. After the investigators brought the suspect back to headquarters, they determined that he was defendant Green, rather than Lovett.
The trial court found that defendant's appearance was "dramatically similar" to Lovett's description on the warrant identification card and consequently that the arresting officer had a reasonable belief that defendant was Lovett. The court also found that when *1014 defendant fled, "there was no other reasonable means ... to apprehend [him] on the warrant other than following him into the house." Consequently, the court concluded that defendant's arrest was lawful and denied his motion to suppress the cocaine he discarded at the time of his arrest. We agree with this conclusion and affirm.[1]
In State v. Jones, 143 N.J. 4, 667 A.2d 1043 (1995), the Court held that a police officer may forcibly enter a private residence to execute an arrest warrant if the arrestee flees into the residence to avoid apprehension. The Court noted that "[l]aw enforcement officers have a duty to enforce validly issued arrest warrants," and that "[a]s long as the officers act[ ] reasonably in executing the warrant, ... the arrest and any evidence seized incident to the arrest should be admitted." Id. at 17, 667 A.2d 1043. Consequently, if the person in front of 724 Tulip Street actually had been Lovett, there is no doubt the investigators could have forcibly entered the house to execute the warrant and that the arrest of Lovett and any search incident to that arrest would have been valid. The only question is whether a different outcome is required because the entry resulted from the arresting officer's misidentification of defendant as Lovett.
The leading case dealing with the validity under the Fourth Amendment of an arrest of a person who the police mistakenly identify as the arrestee is Hill v. California, 401 U.S. 797, 91 S.Ct. 1106, 28 L. Ed.2d 484 (1971). The police in Hill had probable cause to believe that Hill had been involved in a robbery. After obtaining Hill's description, the police went to his apartment. A person who exactly fit Hill's description, named Miller, answered the door. Although Miller denied that he was Hill and produced his own identification, the police did not believe him. Consequently, they arrested Miller and conducted a search of the apartment incident to the arrest which revealed evidence of the robbery subsequently introduced at Hill's trial. In sustaining the validity of the arrest and search incident to the arrest, the Court stated:
[T]he officers in good faith believed Miller was Hill and arrested him. They were quite wrong as it turned out, and subjective good-faith belief would not in itself justify either the arrest or the subsequent search. But sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the officers' mistake was understandable and the arrest a reasonable response to the situation facing them at the time.
[Id. at 803-04, 91 S.Ct. at 1110-11, 28 L. Ed.2d at 490.]
Although Hill involved a warrantless arrest of a person who the police mistakenly identified as the suspect, the Court subsequently applied the reasoning in Hill to a case involving a mistake in the execution of a warrant. In Maryland v. Garrison, 480 U.S. 79, 107 S.Ct. 1013, 94 L. Ed.2d 72 (1987), the police reasonably believed both when they applied for and when they executed a search warrant that the building where they conducted the search contained a single third floor apartment. However, the third floor was actually divided into two apartments. As a result, the police searched not only the apartment which the warrant affidavit established probable cause to search but also the adjoining apartment. In sustaining the validity of a conviction based on evidence found in that apartment, the Court stated:
While Hill involved an arrest without a warrant, its underlying rationale that an officer's reasonable misidentification of a person does not invalidate a valid arrest is equally applicable to an officer's reasonable failure to appreciate that a valid warrant describes too broadly the premises to be searched.
[Id. at 87-88, 107 S.Ct. at 1018, 94 L. Ed.2d at 83.]
*1015 The lower federal courts and state courts have relied upon the analysis in Hill and Garrison to uphold the validity of arrests, substantially similar to the one involved in this case, where the police have made a reasonable mistake in identifying a person named in an arrest warrant. See, e.g., United States v. Marshall, 79 F.3d 68 (7th Cir.), cert. denied, ___ U.S. ___, 117 S.Ct. 155, 136 L. Ed.2d 100 (1996); United States v. Glover, 725 F.2d 120 (D.C.Cir.), cert. denied, 466 U.S. 905, 104 S.Ct. 1682, 80 L. Ed.2d 157 (1984); United States v. McEachern, 675 F.2d 618, 620-22 (4th Cir.1982); Sanders v. United States, 339 A.2d 373 (D.C.1975); City of Tulsa v. Clifford, 787 P.2d 1285 (Okla.Crim. App.1990); Shears v. Commonwealth of Virginia, 23 Va.App. 394, 477 S.E.2d 309, 311 (1996); see generally 3 Wayne R. LaFave, Search & Seizure: A Treatise on the Fourth Amendment § 5.1(g), at 56-57 (3d ed.1996). These cases generally hold that to sustain the validity of such an arrest, the prosecution must show not only that the warrant was valid but also that the police "reasonably believed the person arrested was the person sought." Glover, supra, 725 F.2d at 122; accord Marshall, supra, 79 F.3d at 69; Sanders, supra, 339 A.2d at 379; Clifford, supra, 787 P.2d at 1287.
In this case, there is no dispute concerning the validity of the warrant for Lovett's arrest, and we are satisfied that the arresting officer reasonably believed that defendant was Lovett. Defendant's appearance closely matched the description of Lovett set forth on the warrant identification card; the two men were substantially the same height, weight, age, race and complexion. Moreover, the investigators found defendant standing directly in front of the house which the card indicated was Lovett's residence, and when the investigators identified themselves, defendant ran into that house. Therefore, the record amply supports the trial court's finding that the arresting officer's belief that defendant was the person named in the warrant was reasonable in light of the facts known to him at the time.
We reject defendant's argument that his arrest was invalid because the investigators should have obtained a photograph of Lovett, which would have reduced the risk of arresting the wrong person. Although the better practice may be for law enforcement officers to obtain a photograph of the person named in an arrest warrant, the failure to take this step does not automatically require the suppression of evidence if the officers mistakenly identify the arrestee, especially in the absence of evidence that his photograph was readily available. To sustain the validity of an arrest and incidental search based on an arrest warrant, the State is only required to show that the warrant was valid and that the arrest of a person believed to be the one named in the warrant was "a reasonable response to the situation facing them at the time." Hill, supra, 401 U.S. at 804, 91 S.Ct. at 1111, 28 L. Ed.2d at 490. Therefore, if law enforcement officers reasonably believe, based on the information immediately available to them, that a person is the one named in a warrant, an arrest is not invalid solely because they could have obtained additional information concerning that person such as a photograph.[2]
We also reject defendant's argument that State v. Novembrino, 105 N.J. 95, 519 A.2d 820 (1987) requires the suppression of any evidence obtained as a result of a reasonable mistake in identifying a person named in a warrant. In Novembrino, the Court declined to follow United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L. Ed.2d 677 (1984) and held that under Article I, paragraph 7 of the New Jersey Constitution, evidence seized pursuant to a warrant issued without probable cause must be suppressed even if the police relied in good faith on the warrant in conducting the search. 105 N.J. at 144-59, 519 A.2d 820. The Court concluded that a good faith exception to the exclusionary rule would "inevitably and inexorably diminish the quality of evidence presented in search-warrant applications," id. at 153, 519 A.2d 820, and consequently "tend to undermine *1016 the constitutionally guaranteed standard of probable cause." Id. at 158, 519 A.2d 820.
However, defendant does not dispute that there was probable cause for the issuance of a warrant for Lovett's arrest and that the warrant was valid in all other respects. Consequently, unlike Novembrino, this case does not involve any issue relating to the integrity of the warrant-issuing process. Rather, the only issue is whether evidence must be suppressed because law enforcement officers made a reasonable mistake in executing a valid warrant. See Sanders, supra, 339 A.2d at 379 (noting the distinction between "an infirmity inherent in the foundation of the warrant," such as "an insufficient affidavit," and a mistake in the execution of a "constitutionally valid" warrant, such as "the seizure of an individual other than the one against whom the warrant is outstanding").
The resolution of this issue is not governed by Novembrino but rather by cases such as State v. Bruzzese, 94 N.J. 210, 219-21, 463 A.2d 320 (1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1295, 79 L. Ed.2d 695 (1984), which deal with the validity of a police officer's actions in executing a warrant. See Novembrino, supra, 105 N.J. at 148-49 n. 30, 519 A.2d 820. The basic test under both the Fourth Amendment and Article I, paragraph 7 of the New Jersey Constitution is one of "objective reasonableness" in light of "the facts known to the ... officer at the time." Bruzzese, supra, 94 N.J. at 221, 463 A.2d 320; accord Garrison, supra, 480 U.S. at 88, 107 S.Ct. at 1018, 94 L. Ed.2d at 83; see also United States v. Ramirez, 523 U.S. 65, ___, 118 S.Ct. 992, 996, 140 L. Ed.2d 191, 198 (1998) ("The general touchstone of reasonableness which governs Fourth Amendment analysis ... governs the method of execution of the warrant."). This reasonableness test may be satisfied even though the police have made a mistake in executing a warrant. As the Court observed in Illinois v. Rodriguez, 497 U.S. 177, 185, 110 S.Ct. 2793, 2800, 111 L. Ed.2d 148, 159 (1990), "what is generally demanded of the many factual determinations that must regularly be made by agents of the governmentwhether the magistrate issuing a warrant [or] the police officer executing a warrant ...  is not that they always be correct, but that they always be reasonable." Therefore, if a police officer's actions in executing a warrant are reasonable, there is no constitutional violation and thus no need to consider the availability of a good faith exception to the exclusionary rule.
Affirmed.
NOTES
[1] In light of our decision sustaining the validity of defendant's arrest under an arrest warrant for a person who the investigators reasonably believed to be defendant, we have no need to consider the State's argument that the investigators had the reasonable suspicion required for a Terry stop based on the warrant and defendant's flight and that they were entitled to pursue defendant into the house to effectuate that stop. See State v. Tucker, 136 N.J. 158, 166-70, 642 A.2d 401 (1994); State in the Interest of J.B., 284 N.J.Super. 513, 517-19, 665 A.2d 1124 (App.Div.1995).
[2] We note that there are a number of cases in which the police have had photographs of the subjects of arrest warrants, but nevertheless arrested the wrong person, see, e.g., Glover, supra, 725 F.2d at 121-23; McEachern, supra, 675 F.2d at 620-22, thus demonstrating that even a photograph does not preclude the misidentification of a person named in an arrest warrant.