1999 UT App 265

**STATE of Utah, Plaintiff and Appellee,**

v.

**Wendell NAVANICK, Defendant and Appellant.**

No. 981398–CA.

Court of Appeals of Utah.

Sept. 23, 1999.

Rehearing Denied Oct. 14, 1999.

Ralph Dellapiana and Catherine E. Lilly, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., and Laura B. Dupaix, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., BILLINGS, and DAVIS, JJ.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶ 1 Defendant Wendell Navanick appeals from his conviction for possession of a controlled substance, claiming the trial court erred in denying his motion to exclude methamphetamine seized during a jailhouse search. We affirm.

## BACKGROUND

¶ 2 On July 3, 1997, Officer Bryan Bailey received a call from the manager of Motel 6 on 600 South Street in Salt Lake City, Utah. The hotel manager reported she suspected a guest at the motel registered under the name of Wendell Navanick was engaged in "pimping." After learning an arrest warrant had been issued for Wendell Navanick, Officer Bailey contacted Officer Mitchell, told him about the phone call from the motel manager, and instructed him to go to Motel 6 to execute the arrest warrant.

¶ 3 Officer Mitchell contacted dispatch and was informed that Wendell Navanick, birth date 11–21–71, had an outstanding arrest warrant for phone harassment issued from West Valley City. Officer Mitchell also checked the Salt Lake City Police Department's records, which included Wendell Navanick with a birth date of 11–27–71 and an alias birth date of 1–7–71. The records indicated that both birth dates were associated with the same address. The records, however, did not include a physical description of Wendell Navanick, and Officer Mitchell did not call the West Valley City Police Department to obtain a physical description of the arrestee.

¶ 4 Officer Mitchell, Detective Hatch, and Officer Ewell then went to Motel 6 and knocked on the door of the room registered to Wendell Navanick. When the door opened, Detective Hatch recognized the man inside as Wendell Navanick because of a prior contact. Mitchell then asked defendant for his name and birth date. Defendant said he was Wendell Navanick and that his birth date was 1–7–71. Mitchell then told defendant there was a warrant for his arrest for phone harassment. Although defendant

seemed confused and told the officers that he was not the same Wendell Navanick as the one listed on the warrant,[1] Officer Mitchell did not believe him and took defendant into custody.[2]

¶ 5 At the Salt Lake City Jail, the jailer found methamphetamine on defendant during a routine booking search. While Mitchell was entering the charge of possession of a controlled substance into the computer, the jailer told Mitchell that he knew of two Wendell Navanicks and that defendant might not be the one listed on the warrant.[3]

¶ 6 At trial, defendant moved to suppress the methamphetamine found during the search on the basis that the search violated his Fourth Amendment rights because it was predicated upon an invalid arrest. The trial court denied defendant's motion. Defendant subsequently pleaded guilty to possession of methamphetamine, and received a one year sentence in the Salt Lake County Jail and three years probation.

## ISSUE AND STANDARD OF REVIEW

 ¶ 7 Defendant argues the trial court erred in concluding his arrest was valid and in denying his motion to suppress the methamphetamine seized during the booking search. "In reviewing a trial court's ruling on a motion to suppress evidence, we will not overturn the trial court's factual findings absent clear error." *State v. Betha*, 957 P.2d 611, 614 (Utah Ct.App.1998) (citing *State v. Steward*, 806 P.2d 213, 215 (Utah Ct.App. 1991)). The trial court's legal conclusions, however, we review for correctness. *See id.*

## ANALYSIS

¶ 8 Defendant argues the arresting officers violated his Fourth Amendment[4] rights by failing to verify whether defendant was the person listed on the warrant before arresting him. The State counters that the officers

acted reasonably under the circumstances in arresting defendant.

 ¶ 9 When a person is mistakenly arrested pursuant to a valid arrest warrant, the arrest and subsequent seizure of evidence is valid only if: (1) probable cause existed for the arrest;[5] and (2) the police reasonably, and in good faith, believe the suspect is the intended arrestee. *See Hill v. California*, 401 U.S. 797, 802, 91 S.Ct. 1106, 1109, 28 L.Ed.2d 484 (1971). Because it is conceded that the officers in this case were acting pursuant to a valid arrest warrant, the only issue before this court is whether the police acted reasonably under the circumstances in arresting defendant. *See Gero v. Henault*, 740 F.2d 78, 84–85 (1st Cir.1984) ("[W]here there is a facially valid warrant or probable cause for arrest, ... the only question is whether it was reasonable for the arresting officers to believe that the person arrested was the one sought."). Although *Hill* and its progeny provide guidance on the question of whether officers acted reasonably in arresting defendant, "whether a police officer reasonably believes an arrested and a sought individual to be the same often entails a highly factual inquiry." *Brown v. Patterson*, No. 85 C 6859, 1986 WL 9757, at *4, 1986 U.S. Dist. LEXIS 20961, at *12 (N.D.Ill. Aug. 29, 1986). Furthermore, "the reasonableness of the officers' belief must be determined by the totality of the circumstances surrounding the arrest." *Id.* at *1, at *3.

¶ 10 In *Hill*, the Supreme Court held that the mistaken arrest of a person other than the person sought under the warrant was reasonable because the person arrested was found at the address on the warrant and matched a description of the arrestee. *See Hill*, 401 U.S. at 803, 91 S.Ct. at 1110. Other courts following *Hill* have held that a mistaken arrest is reasonable when it is based on other information separately justifying the

---

1. Defendant's legal name is John Gutierrez.

2. The only basis for the arrest of defendant was the warrant.

3. The State does not dispute defendant's assertion that there are at least two persons named Wendell Navanick in the Salt Lake City area and that the arrest warrant was issued for the *other* Wendell Navanick.

4. Defendant's arguments on appeal are limited to the Federal Constitution.

5. At oral argument, defendant abandoned his claim asserted in his brief that a misspelling of the name on the arrest warrant rendered it invalid. We therefore do not address this claim.

arrest. *See, e.g., State v. Green,* 318 N.J.Super. 346, 723 A.2d 1012, 1013 (App.Div.1999) (holding arrest of wrong person justified where description of intended arrestee matched appearance of man arrested); *Sanders v. United States,* 339 A.2d 373, 375, 379 (D.C.Ct.App.1975) (holding arrest of man whose identification and description matched that of intended arrestee valid). In this case, defendant maintained when he was arrested that he was not the person listed on the warrant. Protestations of mistaken identity and innocence are common during an arrest, however, and such assertions do not necessarily obligate an arresting officer to verify the suspect's identity before making an arrest. *See Hill,* 401 U.S. at 802–03, 91 S.Ct. at 1110 (noting aliases and false identifications are not uncommon); *cf. Haynes v. Chicago,* No. 95 C 7205, 1996 WL 197675, at *3, 1996 U.S. Dist. LEXIS 5294, at *10 (N.D. Ill. April 17, 1996) (dismissing section 1983 claim and stating in case of mistaken identity, "arresting officer is not obligated ... to 'investigate independently every claim of innocence,' including mistaken identity.") (citation omitted).

¶ 11 Courts have held mistaken arrests valid when police reasonably believed the suspect was the intended arrestee. For example, in *Sanders,* the Court of Appeals for the District of Columbia addressed the validity of an arrest where police approached a suspect who, when asked for identification, "produced an identification card on which his last name was misspelled as Saunders (rather than Sanders)." *Sanders,* 339 A.2d at 375. The officer then discovered an outstanding warrant for the arrest of Robert Saunders whose description matched the defendant. *See id.* When the arresting officer asked the defendant if he had ever been incarcerated in Arlington County, Virginia, where the arrest warrant was issued, defendant responded that he had. *See id.* Police then arrested and searched the defendant, finding illegal weapons and ammunition. *See id.* Officers later discovered the warrant was issued for the arrest of someone other than defendant. *See id.*

¶ 12 Defendant moved to suppress the weapons and ammunition, arguing the evidence was obtained pursuant to an invalid arrest. Relying on *Hill,* the appellate court noted:

> Should doubt as to the correct identity of the subject of warrant arise, the arresting officer obviously should make immediate reasonable efforts to confirm or deny the applicability of the warrant to the detained individual. If, after such reasonable efforts, the officer reasonably and in good faith believes that the suspect is the one against whom the warrant is outstanding, a [search] pursuant to the arrest of that person is not in contravention of the Fourth Amendment.

*Id.* at 379. Because the police had no reason to believe that defendant was anyone other than the arrestee listed on the warrant, the court held " 'on the record before us the officers' mistake was understandable and the arrest a reasonable response to the situation facing them at the time.' " *Id.* (quoting *Hill,* 401 U.S. at 804, 91 S.Ct. at 1111). "The evidence seized incident to the arrest properly was admitted into evidence." *Id.*

¶ 13 Similarly, in *Green,* the New Jersey Superior Court addressed the issue of whether the mistaken arrest of a man whose appearance was "dramatically similar" to that of the person sought under the warrant was valid. *Green,* 723 A.2d at 1013. The court held that because the defendant was found at the house listed on the warrant and resembled the description of the arrestee, "the arresting officer had a reasonable belief" he was arresting the correct person. *Id.*

¶ 14 The circumstances of the arrest in this case lead us to conclude that the officers acted reasonably in arresting defendant. The unchallenged findings of fact, upon which the trial court based its denial of defendant's motion to suppress support this conclusion. These findings include the following:

> 4. On July 3, 1997, while on duty, Salt Lake City Police Detective Bryan Bailey received a telephone call from the manager of a Motel 6 in Salt Lake City reporting suspicious activity in room 148.

> 5. The manager told the police that a "Wendell Navanick" was registered in room 148.

> . . . .

7. Detective Mitchell called police dispatch by telephone and asked them to check the name "Wendell Navanick" for warrants.

8. The dispatcher informed Detective Mitchell that there was a warrant for a person with that name and the date of birth of 11/27/71.

9. An arrest warrant for "Wendall Navanick" with an address of "1985 South 200 East, SLC, UT 84115," date of birth "11/27/71," on a charge of telephone harassment was signed by Judge Judith Atherton, Third District Court, West Valley Department, on May 7, 1997.

. . . .

11. No physical description was provided on the warrant.

12. Detective Mitchell checked the police department's computerized records and determined that there were two dates of birth associated with the name Wendell Navanick, 11/27/71, and an alias date of 1/7/71.

. . . .

15. The man inside [room 148] was identified as the defendant, Wendell Navanick.

16. An officer accompanying Detective Mitchell recognized the man in room 148 as Wendell Navanick.

17. Defendant told Detective Mitchell that his date of birth was 1/7/71, which was consistent with the information that Detective Mitchell had obtained from police records.

18. Defendant was informed of the warrant and denied that he was the person named in the warrant.

19. Defendant's testimony was not credible.

20. Defendant had no identification to show to the police.

21. Although "Wendell Navanick" is an uncommon name, at least two persons by that name, including the defendant, have been booked into the Salt Lake County jail.

22. Defendant had used names other than Wendell Navanick in the past.

23. Detective Mitchell stated that suspects often gave him false names and dates of birth.

¶ 15 The officers in this case had a reasonable basis to believe they were arresting the correct person. Furthermore, the trial court's findings—to which we defer—support its denial of defendant's motion to suppress. We therefore conclude that, under the circumstances, the officers acted reasonably in arresting defendant. Accordingly, we affirm the trial court's denial of defendant's motion to suppress and his conviction for unlawful possession of a controlled substance.

## CONCLUSION

¶ 16 When police mistakenly arrest a suspect pursuant to an arrest warrant for a different person, the arrest and subsequent search is valid only if: (1) the officers have probable cause to arrest the suspect; and (2) the officers, in good faith, reasonably believe the person they arrest is the person sought under the warrant. In this case, the police were acting pursuant to a valid arrest warrant for telephone harassment supported by probable cause. Furthermore, officers acted reasonably in arresting defendant when the motel manager informed officers that Wendell Navanick was registered in room 148, one of the arresting officers recognized defendant as Wendell Navanick, defendant had no identification and gave information consistent with that listed on the warrant, Wendell Navanick is an uncommon name, defendant's testimony was not credible, and because suspects often give police officers false information in an attempt to avoid arrest. Thus, we conclude the trial court did not err in denying defendant's motion to suppress and affirm his conviction for possession of a controlled substance.

¶ 17 WE CONCUR: JUDITH M. BILLINGS, Judge, and JAMES Z. DAVIS, Judge.