NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008[*]
Decided December 5, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1318

| | |
|---|---|
| UNITED STATES OF AMERICA , <br>     *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 1:07-CR-10051-001 |
| ROOSEVELT LAWSON, <br>     *Defendant-Appellant.* | Joe Billy McDade, <br> *Judge*. |

**O R D E R**

Roosevelt Lawson was caught with a gun and drugs and entered a conditional guilty plea to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), after the district court denied his motion to suppress. Lawson challenges that ruling on appeal but concedes that circuit precedent forecloses his arguments. We affirm the judgment.

---

[*] The parties jointly filed a motion to waive oral argument. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(f).

The facts are straightforward. Authorities in Peoria, Illinois, suspected that Lawson's brother, Cornell, was dealing drugs. Police obtained a warrant to search Cornell and his residence, based in part on the discovery of marijuana and ziploc bags in the trash from the house. Before the warrant could be executed, an officer staking out the house watched as a black male arrived in a Chevrolet Suburban, exited the truck but left the motor running, and used a key to enter the house. The Suburban had been seen there several times before, and the surveillance officer concluded that the driver was Cornell. Moments later the driver exited the house carrying a brown paper bag and drove away. The surveillance officer called for backup and followed the Suburban to a local store that police knew to be a common site for drug deals. A Chevrolet Monte Carlo soon arrived at the store, and the driver of the Suburban exited the truck and entered the passenger side of the Monte Carlo. Several police officers then surrounded the Monte Carlo with their cars, and one of them approached the passenger side with his gun drawn. When the driver of the Suburban did not immediately raise his hands as ordered, the officer opened the door and saw in plain view that he was holding cash and a bag of marijuana. The driver of the Suburban was arrested, and only then did police realize they had Roosevelt Lawson in custody, not Cornell. The police impounded both vehicles and later found a gun in the Suburban. Lawson was turned over to federal authorities.

Following an evidentiary hearing, the district court denied Lawson's motion to suppress. The court found that the police not only thought they were following Cornell, but also reasonably believed that the driver of the Suburban—Lawson, as it turns out—was engaged in a drug deal. And, the court continued, once police observed Lawson holding a bag of marijuana, they had probable cause to arrest him and search his Suburban for contraband.

On appeal Lawson argues that the police violated the Fourth Amendment by seizing him in the Monte Carlo and then searching his Suburban. But he acknowledges that under *Hill v. California*, 401 U.S. 797 (1971), his detention was lawful because the police reasonably thought he was Cornell, for whom they had a warrant. *See also United States v. Marshall*, 79 F.3d 68, 69 (7th Cir. 1996) (applying *Hill* to case where defendant was arrested pursuant to warrant for someone else). Lawson further concedes that the search of the Suburban was valid under our precedent in *United States v. Johnson*, 383 F.3d 538, 545-46 (7th Cir. 2004), because once officers saw drugs in his hand they had probable cause to search his Suburban for additional contraband. *See also Carroll v. United States*, 267 U.S. 132 (1925). Lawson contends, however, that a case pending before the Supreme Court, *Herring v. United States*, 492 F.3d 1212 (11th Cir. 2007), *cert. granted*, 128 S. Ct. 1221 (Feb. 19, 2008) (No. 07-513), may alter the scope of the good-faith exception to the exclusionary rule and affect his case. *See id*. But *Herring* is not relevant to the search of the Suburban, and as for the initial seizure, the district court gave a second reason for upholding it: reasonable suspicion that the driver of

the Suburban was engaged in a drug crime.  As the government points out in its brief (without any reply from Lawson), this alternate basis for upholding the initial seizure is not challenged.  Lawson has thus waived any claim of error based on that ruling.  *See United States v. Zuniga-Lazaro*, 388 F.3d 308, 314 (7th Cir. 2004).

AFFIRMED.